**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Mason,* **Slip Opinion No. 2019-Ohio-1269.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1269

DISCIPLINARY COUNSEL *v*. MASON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Mason,* Slip Opinion No. 2019-Ohio-1269.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—One-year suspension, with six months stayed on conditions.*

(No. 2018-0538—Submitted January 9, 2019—Decided April 9, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-056.

_____

**Per Curiam.**

{¶ 1} Respondent, Thomas Locke Mason, of Ashland, Ohio, Attorney Registration No. 0041663, was admitted to the practice of law in Ohio in 1989.

{¶ 2} In a complaint certified to the Board of Professional Conduct on November 15, 2017, relator, disciplinary counsel, charged Mason with two violations of the Rules of Professional Conduct arising from his criminal conviction for solicitation of prostitution and his sexual relationship with a client. At a hearing

before a panel of the board, the parties presented stipulations of fact, rule violations, and aggravating and mitigating factors and stipulated exhibits. They also submitted a joint brief recommending that Mason be suspended from the practice of law for one year, with the entire suspension stayed on conditions.

{¶ 3} The panel adopted the parties' stipulations of fact and misconduct, but it recommended that Mason be suspended from the practice of law for one year, with the final six months stayed on conditions. The board adopted the panel's report in its entirety, and no objections have been filed.

{¶ 4} Based upon our independent review of the record, we accept the board's findings of misconduct and agree that a one-year suspension with the final six months stayed on conditions is the appropriate sanction in this case.

### Misconduct

*Count One—Criminal Conduct*

{¶ 5} In May 2015, Mason responded to a Craigslist advertisement that, according to his later testimony, stated something along the lines of "Call me. We can help each other out." Mason met with the woman who answered his call and engaged in sexual activity with her on several occasions. Local law-enforcement officers discovered Mason's conduct in a sting operation and charged Mason with misdemeanor counts of soliciting sexual activity for hire, possession of criminal tools, intimidation of a witness, obstructing justice, and falsification.

{¶ 6} In December 2016, Mason entered an *Alford* plea to the soliciting charge—which alleged that he had engaged in sexual activity for hire on three separate occasions—in exchange for the dismissal of the remaining charges against him.[1] He maintained that he did not know that the woman whom he had met and

---

[1] An *Alford* plea is "[a] guilty plea that a defendant enters as part of a plea bargain without admitting guilt." *Black's Law Dictionary* 86 (10th Ed.2014). *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2

thereafter engaged in what he called a "consensual dating relationship" was actually a prostitute.

**{¶ 7}** In its judgment entry, the trial court noted that Mason "rationally and intelligently concluded that his interests require[d] entry of a plea of Guilty, notwithstanding his belief that he is innocent." But the court also found that "the record contain[ed] strong evidence of actual guilt and that [Mason's] plea [was] motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both." After finding Mason guilty, the court ordered him to pay a fine of $500 plus the costs of the proceedings.

**{¶ 8}** In this disciplinary proceeding, the parties stipulated that Mason's conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). At the panel hearing, however, Mason claimed that that stipulation applied only to the conduct giving rise to Count Two of the complaint. As to Count One (the count related to the criminal charge discussed above), he testified, "I'm sworn to tell the truth. And when you ask me whether that particular complaint and what occurred violates the Rules of Professional Conduct, I would say no."

**{¶ 9}** Despite his guilty plea and the trial court's finding that the record contained strong evidence of actual guilt, Mason maintained that he was innocent of the criminal charge and had entered the guilty plea only to avoid negative publicity. He denied that he had paid money in exchange for sexual activity and asserted that the accusations against him had been made by a detective seeking retribution for his "tough" cross-examinations in other cases. Mason also insinuated that the woman involved, who had been acting as a confidential informant for local police, had lied about the matter for her own benefit. Based on this testimony, the board found that Mason accepted little or no responsibility for his criminal conduct and had attempted to minimize his misconduct by blaming

others, and it noted that the only remorse he expressed was for his own embarrassment and public humiliation.

{¶ 10} Despite Mason's assertions to the contrary, the board found that the conduct described in Count One of the complaint violated Prof.Cond.R. 8.4(h); *see Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21 (even when a lawyer's conduct is not specifically prohibited by the Rules of Professional Conduct, he may be found to have violated Prof.Cond.R. 8.4(h) if there is clear and convincing evidence that he engaged in misconduct that adversely reflects on his fitness to practice law).

*Count Two—Improper Sexual Relationship with a Client*

{¶ 11} In October 2014, M.S. contacted Mason's law firm to obtain legal representation in divorce proceedings. Mason spoke with her and agreed to take her case. Later that month, Mason visited M.S. at her residence to review paperwork related to her divorce. Shortly thereafter, the two commenced a sexual relationship and had sex on multiple occasions in October and November 2014. From January through March 2015, Mason and M.S. also exchanged more than 300 text messages, many of which contained sexually explicit language and innuendos.

{¶ 12} In February 2015, Mason filed a complaint for divorce on M.S.'s behalf and represented M.S. throughout the proceedings. After the divorce became final in October 2015, M.S. asked Mason to address unresolved property and financial issues with her ex-husband. In the following months, Mason and M.S. exchanged more than 1,400 text messages discussing those postdecree issues and other personal matters. Many of those text messages contained sexually explicit language and innuendos.

{¶ 13} Although Mason sent M.S. an invoice for the legal services that he provided to her, she has never paid him. He has stipulated that he will not attempt to collect those fees.

**{¶ 14}** The parties stipulated and the board found that by engaging in a sexual relationship with a client while he represented her in her divorce proceedings, Mason violated Prof.Cond.R. 1.8(j) (prohibiting a lawyer from soliciting or engaging in sexual activity with a client unless a consensual sexual relationship existed prior to the client-lawyer relationship). They also agreed that Mason's conduct in this regard was so egregious as to warrant an additional finding that it adversely reflects on his fitness to practice law. *See Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, at ¶ 21.

### Sanction

**{¶ 15}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 16}** Consistently with the parties' stipulations, the board found that three aggravating factors are present—Mason acted with a dishonest or selfish motive, committed multiple offenses, and caused harm to a vulnerable client. *See* Gov.Bar R. V(13)(B)(2), (4), and (8). In addition, the board found that Mason refused to acknowledge the wrongful nature of his misconduct. *See* Gov.Bar R. V(13)(B)(7).

**{¶ 17}** As mitigating factors, the parties and the board agreed that Mason has no prior disciplinary record, exhibited a cooperative attitude toward the disciplinary proceedings, submitted evidence of his good character and reputation, and has had other sanctions imposed for his criminal conviction. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6). Although Mason testified that he was addicted to a medication prescribed to treat an alleged sleep disorder, he offered no evidence that the medication contributed to his ethical violations and testified that he reached out to his doctor and the Ohio Lawyers Assistance Program ("OLAP") for assistance just two weeks before his disciplinary hearing. Thus, the board did not recognize

his alleged substance-use disorder as a mitigating factor. *See* Gov.Bar R. V(13)(C)(7).

{¶ 18} The parties agreed that the appropriate sanction for Mason's misconduct is a one-year suspension, all stayed on the conditions that he submit to an OLAP evaluation and fully cooperate with all of the resulting treatment recommendations. The board, however, recommends that only six months of that suspension be stayed on conditions. In support of that recommendation, the board considered the sanctions we imposed for similar misconduct in *Disciplinary Counsel v. Moore*, 101 Ohio St.3d 261, 2004-Ohio-734, 804 N.E.2d 423; *Cleveland Metro. Bar Assn. v. Sleibi,* 144 Ohio St.3d 257, 2015-Ohio-2724, 42 N.E.3d 699; and *Ohio State Bar Assn. v. Jacob,* 150 Ohio St.3d 162, 2017-Ohio-2733, 80 N.E.3d 440.

{¶ 19} In *Moore*, an attorney made unsolicited and inappropriate sexual comments to one client while representing her in a traffic case and engaged in sexual relations with another client while representing her in a child-custody case. No aggravating factors were present, but mitigating factors included the absence of a prior disciplinary record, Moore's full cooperation in the disciplinary proceeding, compelling evidence of his good character, and his expressions of remorse for his misconduct. On those facts, we suspended Moore from the practice of law for one year, but we stayed the entire suspension on conditions. We note, however, that Mason's misconduct was more egregious than Moore's because Mason not only engaged in inappropriate sexual conduct with a client but also was convicted of a crime, failed to acknowledge the wrongful nature of that criminal conduct, and blamed others for his conviction. And for those reasons, we agree that Mason's conduct warrants a sanction greater than the one-year fully stayed suspension that we imposed in *Moore*.

{¶ 20} In *Sleibi*, an attorney engaged in sexual activity with four clients— in contrast to the single client affected by Mason's conduct—and sent sexually

6

explicit, lewd messages to three of those clients. As with Mason, we found that Sleibi violated Prof.Cond.R. 1.8(j) and 8.4(h). As aggravating factors, we found that Sleibi acted with a selfish motive, engaged in a pattern of misconduct, committed multiple offenses, and caused harm to vulnerable clients. In mitigation, Sleibi had no prior discipline, exhibited a cooperative attitude toward the proceedings, and provided evidence of his good character. We suspended Sleibi for two years, but we stayed six months of that suspension on conditions, including a requirement that Sleibi continue to comply with his OLAP contract.

{¶ 21} In *Jacob,* the attorney was convicted of five misdemeanors while he served as a municipal-court judge. Three of those convictions were for soliciting sexual activity for hire—the same offense for which Mason was convicted. But Jacob was also convicted of two counts of falsification for reducing a criminal defendant's domestic-violence charge to disorderly conduct, finding the defendant guilty of the amended charge without the prosecutor's knowledge or consent, and journalizing an entry that falsely stated that the prosecutor had authorized the change.

{¶ 22} As aggravating factors, we found that Jacob acted with a selfish motive, engaged in a pattern of misconduct, committed multiple offenses, and refused to acknowledge the wrongful nature of his misconduct. In mitigation, we agreed that he had no prior discipline, made a timely and good-faith effort to rectify the consequences of his misconduct by resigning his judgeship, demonstrated a cooperative attitude toward the disciplinary proceedings, submitted evidence of his good character and reputation, served a criminal sentence, and sought other interim rehabilitation through OLAP. We suspended Jacob for two years, but we stayed the second year on a condition.

{¶ 23} We agree with the board's assessment that the nature of Mason's misconduct and the balance of the aggravating and mitigation factors are

comparable to the facts and circumstances of *Sleibi* and *Jacob* and that an actual suspension from the practice of law is warranted in this case.

{¶ 24} Accordingly, Thomas Locke Mason is hereby suspended from the practice of law for one year, with the final six months stayed on the conditions that he (1) engage in no further misconduct, (2) submit to a comprehensive OLAP evaluation, (3) authorize OLAP to disclose the results of that evaluation to relator, and if OLAP determines that treatment is necessary, (4) enter into an OLAP contract for a duration to be determined by OLAP and comply with all treatment recommendations. If Mason fails to comply with the conditions of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Mason.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

DeSanto Law Office and Robert P. DeSanto, for respondent.

_____